Timothy P. BRICKERT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 16A01–9606–CR–194.

Court of Appeals of Indiana.

Nov. 15, 1996.

Rehearing Denied Feb. 20, 1997.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, for Appellant.

## OPINION

ROBERTSON, Judge.

Timothy P. Brickert appeals his conviction, after a bench trial, of Possession of Marijuana (under 30 grams), a class A misdemeanor. Brickert raises one issue which does not require reversal. Restated, it is:

whether the trial court erred by denying Brickert's motion for a continuance, made at the beginning of the scheduled trial to accommodate the schedule of the attorney that Brickert had purported to have hired, and requiring Brickert to proceed to trial pro se where the circumstances unequivocally establish that Brickert had delayed hiring an attorney for over a year in an attempt to frustrate the judicial process and avoid being brought to trial.

## FACTS

The facts pertinent to this appeal are virtually undisputed. On October 29, 1994, Brickert was arrested on an outstanding warrant. During the search incident to the arrest, marijuana was discovered on Brickert's person.

On November 14, 1994, Brickert attended his initial hearing. The trial court gave the following *en masse* advisement:

Each of you have the following rights: One is to the assistance of a lawyer, if you intend to hire a lawyer, you must do so within ten days from today's date if you're charged with a misdemeanor. Twenty days from today's date if you're charged with a felony. Because there are deadlines for filing motions and raising defenses and if these deadlines are missed, then the legal issues and defenses that could have been raised will be waived or given up. If you want a lawyer and are unable to afford one, the court will appoint one to represent you at no cost [if] the court determines, after a hearing, you're financially unable to hire a lawyer.

Brickert appeared before the trial court personally and pled not guilty. Brickert informed the trial court that he had an attorney named James Troiani and gave assurances that his attorney would enter an appearance.

The State obtained a continuance of the first scheduled trial date because the deputy prosecutor was to be out of town. On April 28, 1995, the State filed a motion which read, in pertinent part, as follows:

2. No attorney has entered his appearance for the defendant ...

3. The State must call witnesses for the cases(s) if the trial is necessary.

4. A pretrial conference to determine if the defendant intends to have counsel represent him would be in the interests of justice and be the most efficient use of court time. It would also avoid any unnecessary inconvenience to the State's witness should the defendant be unprepared to go to trial without an attorney.

On May 11, 1995, the trial court held the requested conference. No transcript of this conference appears in the record. However, the record does reflect that Brickert appeared and requested additional time to hire counsel, which the trial court granted. Nevertheless, the record is silent with respect to what advisements Brickert received from the trial court at that point.

The State obtained yet another continuance to accommodate the schedule of the State Police Laboratory Technician who was to testify at Brickert's trial. The trial court again reset the trial. No attorney ever entered an appearance for Brickert.

On November 2, 1995, the parties appeared for trial. Brickert appeared without an attorney and requested yet another continuance asserting that his attorney, James Troiani, was unavailable because he was attending a seminar. Brickert explained that he had only recently gotten in touch with Troiani who would be willing to represent him if a continuance could be obtained. In objecting to Brickert's motion, the State noted that:

If we would have gotten any sort of request for a continuance for today's date, I could have had witnesses called off. The ... lab tech came from Indianapolis for this date. It's tough enough scheduling for someone who has trials all over the State that he has to prepare for. The officer is here. The State's ready to proceed. This things been pending since last October. The State objects to a continuance at this late date.

The trial court denied Brickert's motion for a continuance, stating:

..., back in May you asked for additional time to hire a lawyer and we gave you a

trial date of September 5th and then the State asked for a continuance until today's date. Haven't heard a word out of you since May and I don't have an appearance on file and today is the trial date and I intend to go forward with the trial today. I don't have any motion for continuance from the lawyer you have allegedly hired.... You've been given a year to hire an attorney.

Trial proceeded during which Brickert essentially stood mute. The trial court found him guilty of the misdemeanor charged, and this appeal ensued.

## DECISION

At the outset, we note that the State has expressly waived its right to present a brief in this appeal. It is well-settled that this circumstance in no way relieves us of our obligation to decide the law as applied to the facts in the record in order to determine whether reversal is required. *See Marcum v. State*, 509 N.E.2d 895, 896 (Ind.Ct.App. 1987). However, controverting arguments advanced for reversal is an obligation which properly remains with counsel for the appellee. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *trans. denied.*

■ Courts do not favor continuances to allow more time to prepare for trial and should grant such continuances only where good cause is shown and the continuance is in the interest of justice. *Timm v. State*, 644 N.E.2d 1235, 1237 (Ind.1994). The trial court has discretion when ruling on a motion for a continuance, and the court on review will not reverse absent a clear showing of an abuse of that discretion. *Id.*

■ Brickert argues that the trial court's denial of a continuance which required him to proceed to trial pro se violated his right to counsel as guaranteed by the United States and Indiana Constitutions. It is well-settled that whenever a defendant proceeds to trial without the benefit of counsel, the record must reflect that the right to counsel was voluntarily, knowingly, and intelligently waived. *Leonard v. State*, 579 N.E.2d 1294, 1296 (Ind.1991). The right to counsel is a constitutional right of fundamental importance which cannot be waived except by the

defendant himself, and such waiver cannot be established from a silent record. *Fitzgerald v. State*, 254 Ind. 39, 257 N.E.2d 305, 311 (1970).

■ Nevertheless, waiver of the right to counsel may be established by the defendant's conduct. *Houston v. State*, 553 N.E.2d 117, 118 (Ind.1990); *Fitzgerald*, 257 N.E.2d at 311 (Courts are ordinarily unwilling to reward a litigant for his own misconduct). In *Houston*, the defendant represented to the trial court that he intended to employ private counsel after his failure to cooperate with three court-appointed attorneys resulted in their withdrawal. 553 N.E.2d at 118. The trial court warned Houston that if he failed to employ counsel, he would be required to represent himself with the use of advisory counsel only. *Id.* When Houston appeared at trial without counsel, the trial court required him to proceed pro se with advisory counsel only. On appeal, our supreme court held that: "[b]ecause appellant did not retain private counsel, he must have elected to proceed with advisory counsel only." *Id.* Our supreme court reasoned that, to hold otherwise, would have "enabled him to frustrate the judicial process and avoid being brought to trial." *Id.*

In *Seniours v. State*, 634 N.E.2d 803, 808 (Ind.Ct.App.1994), a divided panel of our court distinguished *Houston* in finding that the trial court erred in requiring Seniours to proceed to trial pro se despite his repeated requests for court-appointed counsel to defend him against a serious felony charge. The trial court repeatedly refused to find that Seniours was indigent despite his limited income and substantial obligations, including child support. *Id.* at 803–04. Time and again, Seniours appeared before the court and represented that he had communicated with various private attorneys who would not take him on without the payment of a substantial retainer, the lowest of which had been $1,500.00; an amount he could not raise. *Id.* at 804. In reversing the trial court, we held that, under the circumstances, the record did not affirmatively and sufficiently demonstrate Seniours' knowing and

voluntary waiver of his right to counsel. *Id.* at 808.

■ The facts of the present case comport with *Houston* and not *Seniours*. At all times, Brickert represented that he wished to have private counsel represent him. In fact, Brickert continuously represented that he had a particular attorney in mind. Never, unlike Seniours, did Brickert claim that he lacked funds with which to hire private counsel to defend him against the misdemeanor charge. The State, anticipating the precise problem experienced here, requested a pre-trial conference in order to protect Brickert's rights as well as the judicial process. Brickert received a continuance in order to obtain private counsel. Nevertheless, Brickert let an entire year go by without hiring an attorney. This conduct can only be interpreted as a deliberate attempt to frustrate the judicial process and avoid being brought to trial.

■ Under the present circumstances, we cannot fault the trial court for not apprising Brickert of the dangers of self-representation. *See Seniours*, 634 N.E.2d at 806–07 (Citing *Leonard*, 579 N.E.2d 1294). At all relevant times, Brickert asserted his right to employ private counsel and represented (misrepresented) to the trial court that he would obtain the services of a certain private counsel. In this context, an advisement of the dangers of self-representation would be superfluous. On the day of trial, when Brickert was required to defend himself pro se, such an advisement would again have been superfluous because, at that point, it was too late to obtain counsel. Similarly, we cannot fault the trial court for not creating a record that it had specifically warned Brickert that he would be required to proceed pro se if he did not obtain private counsel. Without question, that consequence was obvious under the circumstances. Brickert was given notice of every trial date scheduled in this matter, and continuously represented that he would hire an attorney to represent him at the trial. It was obvious that, if Brickert were to have a private attorney represent him at the scheduled trial, he would have to hire one.

Actions often speak louder than words, and the record before us is not silent on the issue of whether Brickert knowingly, intelligently, and voluntarily waived his right to counsel. Brickert unequivocally waived his right to counsel by his conduct, which as discussed above, can only be interpreted as an attempt to frustrate the judicial process and avoid being brought to trial. *See Houston*, 553 N.E.2d at 118. Therefore, we cannot conclude that the trial court abused discretion in denying Brickert's motion for another continuance, and we find no error.

Judgment affirmed.

HOFFMAN, J., concurs.

NAJAM, J., dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent. The majority points out that the right to counsel is a constitutional right of fundamental importance, which cannot be waived except by the defendant himself, and that such waiver cannot be established from a silent record. *Fitzgerald v. State*, 254 Ind. 39, 46–47, 257 N.E.2d 305, 311 (1970). The majority then cites *Houston v. State*, 553 N.E.2d 117 (Ind.1990), to support its conclusion that Brickert waived his right to counsel merely by his failure to hire an attorney in a timely manner. I cannot agree.

The supreme court in *Houston* recognized that the waiver of the right to counsel may be established by the defendant's conduct, provided that the defendant is adequately warned that if he does not comply with the court's order to obtain counsel, he will be required to proceed pro se. *Id.* at 118. In that case, the trial court had given the defendant such a warning. *Id.* Our court recently interpreted *Houston* in *Seniours v. State*, 634 N.E.2d 803 (Ind.Ct.App.1994). We explained:

*Houston* does not stand for the proposition that a defendant's conduct or passive resistance to the court may give rise to an assumption of waiver in the absence of advisements by the court regarding the consequences of proceeding without an attorney or a presentation of the choice to do so. *Houston* demands, *at the very least, that the record reflect that the court has*

*presented to the defendant the choices available to him with some minimal explanation of their meaning.*

*Id.* at 806 (emphasis added).

Here, the record does not indicate that Brickert was so warned. The majority claims that it was "obvious" under the circumstances that Brickert would be required to proceed pro se if he did not obtain counsel. Op. at 496. I cannot agree with that conclusion. Even where, as here, the defendant attempts to manipulate the judicial process, he is entitled to a clear warning that his dilatory conduct will be treated as an implied request to proceed pro se. In addition to a warning that his conduct will result in pro se representation, the record must reflect a statement explaining the "advantages of representation by counsel and the pitfalls which he might experience if he insisted on self-representation." *Seniours,* 634 N.E.2d at 807 (citation omitted).

Further, the majority fails to acknowledge that the facts in *Fitzgerald* are closely analogous to those in the present case. *Fitzgerald,* 254 Ind. 39, 257 N.E.2d 305. In *Fitzgerald,* the trial judge wrote four letters and made two telephone calls to the defendant notifying him of the date of the trial and asking him for the name of his counsel. The judge repeatedly reminded him that it was imperative that his attorney file an appearance as soon as possible. The defendant still appeared at trial without counsel, and the judge then proceeded with the trial. The supreme court found that the absence of counsel was directly attributable to the defendant's own conduct. *Id.* at 46, 257 N.E.2d at 311. However, there was no indication that the trial court had ever warned the defendant that he would be required to proceed pro se if he failed to obtain counsel. The supreme court concluded that the defendant did not manifest a desire to waive his right to counsel or to proceed to trial without assistance and reversed his conviction. *Id.* at 47–49, 257 N.E.2d at 311–12.

Here, as in *Fitzgerald,* the trial court failed to warn the defendant that he would be required to proceed pro se if he failed to obtain counsel. The majority ignores *Fitzgerald* as binding precedent and concludes

that a defendant can *forfeit* his right to counsel by his conduct alone. The better rule as enunciated by our supreme court is that a defendant can *waive* his right to counsel by his conduct, but such "waiver by conduct" requires that the defendant first be warned about the consequences of his conduct, including the risks of proceeding pro se. *United States v. Goldberg,* 67 F.3d 1092, 1099, 1101 (3rd Cir.1995) (citing *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) and *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)).

Unlike waiver, which requires a knowing and intentional relinquishment of a known right, forfeiture results in the loss of a right regardless of the defendant's knowledge thereof and irrespective of whether the defendant intended to relinquish the right. *Id.* at 1100. The erroneous deprivation of a criminal defendant's fundamental right to the assistance of counsel is *per se* reversible error. *Id.* at 1103. The fundamental right to counsel may be waived by conduct after warning but should not be subject to outright forfeiture. For these reasons, I would reverse Brickert's conviction and remand this case for a new trial.