David R. GEIGER, Appellant–Defendant,

v.

STATE· of Indiana, Appellee–Plaintiff.

No. 20A03–9703–CR–69.

Court of Appeals of Indiana.

Dec. 11, 1997.

Neil E. Holbrook, Goshen, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Katherine Modesitt, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

A jury found David R. Geiger guilty of two

counts of Forgery which are class C felonies.[1] He raises one issue on appeal which we restate as: whether Geiger knowingly and intelligently waived his right to counsel by electing to represent himself at trial.

We reverse.

Geiger was charged with two counts of Forgery on August 2, 1995. Mike Yoder, an attorney hired by Geiger, entered an appearance on Geiger's behalf on August 4, 1995. At the initial hearing on August 8, 1995, the trial court advised Geiger of his rights, including the following:

> You have the right to be represented by a lawyer and I'm noting that you are represented at this time. If it should develop that you become indigent and can not afford your attorney any longer, you should always remember that you can come back to court and ask to have an appointed attorney to represent you. If a person is too poor to pay for their own attorney, they are entitled to have appointed counsel.

Record at 120–21. Geiger was scheduled to return to the court on October 9, 1995 for a pre-trial conference, but he failed to appear in person or by counsel. Yoder later filed a motion in which he indicated that he had been negligent in failing to appear on Geiger's behalf for the October 9, 1995 hearing. On January 5, 1996, Yoder filed a motion to withdraw his appearance due to Geiger's failure to make payments for his legal services. Geiger acquiesced to Yoder's withdrawal, and the court granted Yoder's motion on February 6, 1996. Geiger was ordered to appear in court on July 8, 1996 for the purpose of acknowledging his trial date, but he failed to appear. Geiger did appear for his scheduled trial date on July 17, 1996, but the trial was reset due to the court's congested calendar. Geiger's trial was held on August 22 and 23, and Geiger represented himself. The court appointed stand-by counsel to assist Geiger if requested.

 The Sixth Amendment of the United States Constitution guarantees a criminal

defendant the right to the assistance of counsel. U.S. CONST. amend. VI. Although the Sixth Amendment provides this fundamental right, the amendment does not mandate that a criminal defendant accept the assistance of counsel. The United States Supreme Court has held that implicit in the Sixth Amendment's guarantees is the right of a criminal defendant to forego counsel and represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the decision to proceed *pro se* must be made knowingly and intelligently, because, by asserting this right, the defendant is at the same time foregoing his right to the assistance of counsel. *Id.*

 In *Wallace v. State*, 172 Ind.App. 535, 361 N.E.2d 159 (1977), *reh. denied, trans. denied* 267 Ind. 43, 366 N.E.2d 1176 (1977), this court addressed the requirements of a knowing and intelligent waiver of the right to counsel. In *Wallace*, we held that "[t]he record must demonstrate that [the defendant] is fully aware of the nature, extent, and importance of the right he has waived and the possible consequences thereof so 'his choice is made with his eyes open.'" *Id.* at 164 (quoting *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582). There is no rigid mandate which sets forth the inquiries or warnings which a trial court should make before determining that a waiver is voluntary and intelligent. *Leonard v. State*, 579 N.E.2d 1294, 1296 (Ind.1991). However, it is not enough simply to make the defendant aware that he has a right to counsel. *Kirkham v. State*, 509 N.E.2d 890, 892 (Ind. Ct.App.1987), *reh. denied, trans. denied.* Rather, "[t]he record must affirmatively disclose that the defendant is aware of the implications, consequences and risks of self-representation." *Coleman v. State*, 630 N.E.2d 1376, 1377 (Ind.Ct.App.1994), *trans. denied* (citing *Leonard*, 579 N.E.2d at 1295).

 Geiger was informed of his right to the assistance of counsel at his initial hearing. At the time, he was represented by counsel; thus, there was no need for the

1. IND.CODE § 35–43–5–2 (1993).

court to disclose to Geiger "the implications, consequences and risks of self-representation." *See Coleman,* 630 N.E.2d at 1377. However, once it became clear that Geiger would represent himself at trial, it was incumbent upon the court to make inquiries and provide warnings to ensure that Geiger was fully aware of the nature, extent, and importance of his right to the assistance of counsel and the possible consequences of his decision to proceed *pro se. Wallace,* 361 N.E.2d at 164. The record is devoid of any such inquiries or warnings.

■ Despite the lack of a record that inquiries or warnings were made, the State argues that Geiger's knowing and intelligent waiver was established by his conduct. In support of its argument, the State first cites *Brickert v. State,* 673 N.E.2d 493 (Ind.Ct. App.1996), *trans. denied.* In *Brickert,* we held that a defendant knowingly and intelligently waived his right to counsel and elected to represent himself at trial despite the trial court's failure to advise him of the dangers of self-representation. *Id.* at 496. Relying on the Indiana Supreme Court's decision in *Houston v. State,* 553 N.E.2d 117 (Ind.1990), we held that where a criminal defendant fails to obtain an attorney for the purpose of frustrating the judicial process and avoiding being brought to trial, the trial court may conclude that the defendant has waived his right to counsel by virtue of his conduct. *Brickert,* 673 N.E.2d at 496.

Geiger's conduct differs significantly from the conduct of the defendants in both *Brickert* and *Houston.* In *Brickert,* the defendant represented at all times that he wished to have private counsel represent him and that he had a particular attorney in mind. *Id.* Brickert requested and received one continuance of his trial date for the purpose of obtaining an attorney. *Id.* at 494. On the morning of his scheduled trial date, Brickert appeared and requested a continuance because his attorney was attending a conference. *Id.* At the time, no attorney had ever entered an appearance on Brickert's behalf. *Id.* The trial court refused to grant Brickert a continuance, thereby forcing him to represent himself at trial. *Id.* at 494–95.

In *Houston,* the court had appointed three different attorneys to represent the defendant. 553 N.E.2d at 118. The defendant's first attorney withdrew because he was unable to get along with Houston. *Id.* The second attorney withdrew because Houston did not want him. *Id.* Houston also refused to cooperate with his third attorney. *Id.* The trial court finally told Houston that his case would go to trial within three months with no continuances, and Houston agreed to employ his own counsel and be ready for trial by then. *Id.* Houston was warned by the court that if he failed to obtain counsel, he would be forced to represent himself at trial with advisory counsel only. *Id.* Houston failed to obtain a private attorney by the trial date and was required to represent himself, after being given the option of having his third attorney represent him, which Houston rejected. *Id.*

Unlike the actions of the defendants in *Brickert* and *Houston,* the record of the present case does not reflect that Geiger's actions were taken for the purpose of frustrating the judicial process or avoiding a trial. Geiger's self-representation began only after his attorney withdrew because of Geiger's failure to pay for his services. Other than Geiger's failure to appear for two pre-trial hearings, one of which occurred while he was represented by counsel, there is no indication that Geiger took any action to avoid being brought to trial. Too, Geiger requested no continuances of his trial date for the purpose of obtaining an attorney. We cannot assume from these facts that Geiger "elected to waive his right to counsel and proceed *pro se." See Houston,* 553 N.E.2d at 118.

■ The State also argues that waiver of the right to counsel may be found, despite the court's failure to make the necessary advisements, where the record demonstrates that the defendant's background, experience, and conduct enable him to competently forego the right to counsel. The State cites

*Kindred v. State,* 521 N.E.2d 320 (Ind.1988) and *Jackson v. State,* 441 N.E.2d 29 (Ind.Ct. App.1982) in support of this argument. In *Kindred,* our supreme court held that a defendant was aware of the disadvantages of self-representation when he elected to represent himself. 521 N.E.2d at 323. In so holding, the supreme court identified, *inter alia,* the defendant's previous experience representing himself in criminal cases and other evidence in the record which indicated the defendant's legal experience. *Id.* at 322. However, the defendant's experience was only one of several factors which led the court to conclude that Kindred had knowingly and intelligently waived his right to counsel. *Id.* at 322–23. Likewise, in *Jackson* the defendant's history of contact with the criminal justice system and his conduct at trial were some of the factors used by this court to hold that the defendant's decision to represent himself was made knowingly and intelligently. *Id.* at 31–33. However, they were not the sole factors. *Id.* We hold that Geiger's experience with the criminal justice system and his conduct in representing himself are, by themselves, insufficient to reflect a knowing and intelligent decision to proceed *pro se.*

■■■ Finally, the State argues that because stand-by counsel was appointed to assist Geiger, many of the disadvantages associated with self-representation were obviated. While this may be true, the appointment of stand-by counsel does not reflect in any way upon whether a defendant has made a knowing and intelligent decision to forego the full assistance of counsel. The appointment of stand-by counsel is simply the recommended procedure for preserving a defendant's rights once he has knowingly and voluntarily elected to represent himself. *See German v. State,* 268 Ind. 67, 373 N.E.2d 880, 883 (1978).

■■■ Because the record does not reflect that Geiger was made fully aware of the importance of his right to the assistance of counsel nor of the potential consequences associated with representing himself, we hold that he did not knowingly and intelligently waive his right to the assistance of counsel. Accordingly, we must reverse his convictions.

Reversed.

GARRARD, J., concurs.

HOFFMAN, J., concurs in result with separate opinion.

HOFFMAN, Judge, concurring in result.

I concur in the result reached by the majority; however, I do so on the basis that the record does not reflect any advisement by the trial court or any discussion from which Geiger's knowing, voluntary, and intelligent waiver of his right to counsel can be discerned. As acknowledged by the majority, no specific requirement exists as to the areas of inquiry which must be explored by a trial court prior to a determination that a defendant is knowingly, intelligently and voluntarily waiving his right to counsel. *See Coleman v. State,* 630 N.E.2d 1376, 1377 (Ind.Ct.App. 1994). Inquiries should be made into the educational background of the defendant, the defendant's familiarity with legal proceedings, and the defendant's mental state if warranted. *Martin v. State,* 588 N.E.2d 1291, 1293 (Ind.Ct.App.1992), *quoting Kirkham v. State,* 509 N.E.2d 890, 892 (Ind.Ct.App.1987). A valid waiver does not require adherence to specific guidelines. *Id.* While no specific inquiry is required, the record here indicates only that Geiger acquiesced in the withdrawal of a private attorney and appeared at jury trial without counsel. Geiger then represented himself. The record does not demonstrate a knowing, voluntary, and intelligent waiver of counsel.