COLLOTON, Circuit Judge,
dissenting.
In my view, the decision of the North Dakota Supreme Court rejecting La Verne Koenig’s claim that he was denied a constitutional right to counsel on direct appeal was not “contrary to, or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). Koenig’s other claims are also without merit. I would therefore affirm the order of the district court denying habeas corpus relief.
As the court recounts, during trial proceedings in North Dakota state court, Koenig “engaged in what can only be described as several last-minute dilatory tactics that delayed and complicated this matter.” Ante, at 637. The state trial court found that “[f]rom the outset, the defendant’s conduct has shown a consistent pattern which can only be characterized as an intentional effort to obstruct the legal process.” Appellant’s App. 117. Koenig “repeatedly demanded and then rejected court-appointed counsel, which is simply *643 one specific means that he has utilized as a form of obstructing the legal process.” Id. After one such incident, Koenig was warned by a trial judge that “[sjometimes conduct does constitute a waiver, and I’m very close to finding that your conduct has been manipulative and it is a waiver of your right to an attorney.” Id. at 115. Despite Koenig’s tactics, the trial court granted him another court-appointed counsel for trial, but during post-trial proceedings, the court reached its limit. When considering Koenig’s motion for new trial and his motion to dismiss his trial counsel, the state trial court ruled that Koenig — by his “manipulative conduct” — forfeited, and knowingly and intelligently waived, his right to receive further assistance from a public defender in the trial court. Id. at 118.
On direct appeal, Koenig moved for appointment of counsel in the state supreme court, but that court responded that it “does not appoint legal counsel,” and denied the motion. Koenig then moved the state trial court to take judicial notice of the supreme court’s ruling on appointment of counsel. (This was not really “a renewal of his earlier request for appellate counsel,” ante, at 641, because Koenig did not formally move for appointment of appellate counsel in the state trial court, either before or after the state supreme court’s order.) The trial court took no action to appoint appellate counsel for Koenig.
In his direct appeal, Koenig then argued that he was denied his constitutional right to counsel on appeal, but the North Dakota Supreme Court affirmed his conviction and sentence in a brief per curiam opinion. State v. Koenig, 789 N.W.2d 731, 2010 WL 1875694 (N.D.2010) (per curiam) (unpublished table decision). There is no indication that the state court inadvertently overlooked Koenig’s constitutional claim: to the contrary, the court’s opinion expressly acknowledged Koenig’s argument that he was “improperly denied legal counsel ... on direct appeal.” Id. at *1. Koenig’s claim alleging denial of a constitutional right to appellate counsel was thus adjudicated on the merits by the state courts. See Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1094-96, 185 L.Ed.2d 105 (2013); Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011).
Under § 2254(d), where a state court’s rejection of a claim is unexplained, a federal habeas court must determine “what arguments or theories ... could have supported ... the state court’s decision.” Richter, 131 S.Ct. at 786; see Williams v. Roper, 695 F.3d 825, 834 (8th Cir.2012), cert. denied, — U.S. -, 134 S.Ct. 85, 187 L.Ed.2d 65 (2013). Here, the North Dakota Supreme Court could have concluded that Koenig, by his intentional efforts to obstruct the legal process, forfeited or waived his right to the further assistance of court-appointed counsel, both during post-trial proceedings in the trial court and on appeal. The question under § 2254(d) is whether that conclusion is contrary to, or an unreasonable application of, clearly established federal law. In light of Richter and Premo v. Moore, — U.S. -, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011), it is incorrect for this court to grant habeas relief on the ground that the state courts did not articulate a rationale for rejecting Koenig’s claim. Cf. ante, at 642 (“[Tjhere is nothing in the North Dakota Supreme Court’s unpublished opinion indicating that it found that Koenig had knowingly and voluntarily waived his right to appellate counsel.”).
A federal court may grant relief on the ground that the North Dakota court’s decision was “contrary to ... clearly established Federal law” only if “the state court *644 arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.” Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The North Dakota courts did not dispute that an indigent appellant has a constitutional right to counsel on direct appeal in light of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). This case is about whether Koenig forfeited or waived his right to appellate counsel on a particular set of facts. Neither Koenig nor the court identifies any decision of the Supreme Court concerning a set of materially indistinguishable facts, so the state court’s decision is not “contrary to” clearly established federal law, as determined by the Supreme Court.
To prevail under the “unreasonable application” prong of § 2254(d), a petitioner must show not only that the state court’s decision was incorrect, but that it was unreasonable. Williams, 529 U.S. at 410, 120 S.Ct. 1495. “[S]o long as fairminded jurists could disagree on the correctness of the state court’s decision,” the statute precludes federal habeas relief. Richter, 131 S.Ct. at 786 (internal quotation omitted). Koenig must show that “there was no reasonable basis for the state court to deny relief.” Id. at 784. The more general the legal rule at issue, “the more leeway courts have in reaching outcomes in case-by-case determinations.” Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004).
The Supreme Court has not addressed when a criminal defendant’s manipulative and obstructive conduct during trial and post-trial proceedings amounts to a forfeiture or waiver of the right to counsel. But the Court has ruled in the context of the right to be present for trial that a defendant can lose important constitutional rights if, after he has been warned by the court about the potential consequences of disruptive behavior, he nevertheless persists. Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). State courts and inferior federal courts have recognized that a defendant who has been warned may knowingly, voluntarily, and intelligently waive the right to counsel by continuing obstructive conduct, e.g., United States v. Goldberg, 67 F.3d 1092, 1100-01 (3d Cir.1995); State v. Carruthers, 35 S.W.3d 516, 548-50 (Tenn.2000), and that extreme conduct may result in a forfeiture of the right to counsel even without advance warning. E.g., United States v. McLeod, 53 F.3d 322, 325-26 (11th Cir.1995); State v. Jones, 772 N.W.2d 496, 504-06 (Minn.2009); Commonwealth v. Means, 454 Mass. 81, 907 N.E.2d 646, 658 (2009); Brickert v. State, 673 N.E.2d 493, 496 (Ind.App.1996). According to these authorities, a defendant may forfeit or waive the right to counsel in the trial court, e.g., Jones, 772 N.W.2d at 506, or on appeal, United States v. Thompson, 335 F.3d 782, 785 (8th Cir.2003). “[T]he forfeiture of counsel at [a nontrial phase of proceedings] does not deal as serious a blow to a defendant as would the forfeiture of counsel at the trial itself.” Means, 907 N.E.2d at 659 (alterations in original) (internal quotation omitted).
There is a paucity of authority concerning whether a defendant’s obstructive conduct in the trial court, during both trial and post-trial proceedings, can result in a forfeiture or waiver of the right to counsel on appeal. There is no obvious reason why it cannot do so in an appropriate case. The Supreme Court has never addressed the matter. The state courts thus have a good deal of leeway in reaching reasonable conclusions concerning the degree of obstructive conduct that could result in the *645 loss of the right to appellate counsel and the type of warnings, if any, that might be required before a court refuses to appoint new counsel on appeal. Cf. Hern v. Marshall, No. 2:06-2790, 2009 WL 2971556, at *4 n. 3 (E.D.Cal.2009) (“The requirement that there be a knowing and intelligent waiver of the right to counsel and advisement about the dangers of self-representation, see Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), arises from the Sixth Amendment which, under the holding of Martinez [v. Court of Appeal of California, Fourth Appellate District, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ], does not apply to appellate proceedings.”).
Koenig was warned by the state trial court that manipulative conduct could result in the waiver of his right to an attorney. The North Dakota Supreme Court reasonably could have concluded that Koe-nig — by continuing his intentional efforts to obstruct the legal process, including by his repeatedly demanding and then rejecting court-appointed counsel — forfeited or knowingly and voluntarily waived his right to have the assistance of new court-appointed counsel on direct appeal.
Under the standards of 28 U.S.C. § 2254(d), Koenig is not entitled to relief on his claim that he was denied the constitutional right to appellate counsel. Substantially for the reasons given by the district court, Koenig’s other claims for relief lack merit. I would affirm the order of the district court.