William E. LOGAN, Jr., Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A03–9704–CR–117.

Court of Appeals of Indiana.

April 14, 1998.

Transfer Denied June 17, 1998.

Eugene C. Hollander, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

William E. Logan, Jr., appeals his convictions for five counts of forgery[1] as Class C felonies. Logan raises three issues which we restate as:

I. Whether the trial court failed to properly advise Logan of the consequences of acting as his own counsel.

II. Whether there is sufficient evidence that Logan committed forgery by aiding, inducing, or causing third parties to present forged instruments for payment.

III. Whether the trial court's sentencing order violates IC 35–50–1–2 which sets out sentencing limitations for acts arising out of a single episode of criminal conduct.

We affirm.

1. *See* IC 35–43–5–2.

## FACTS AND PROCEDURAL HISTORY

On June 15, 1995, Logan opened an account at the Fort Wayne National Bank with an initial deposit of eighty dollars using the name and social security number of Jerome D. Reed d/b/a Indiana Professional Maintenance. Reed, an acquaintance of Logan and an inmate at Pendleton Correctional Facility, was unaware of the account. Telling them that Reed was a business partner, Logan asked Shonda Temple and Vervia Logan[2] to cash payroll checks made out to each of them and drawn on the account. On July 2, July 3, and July 5, 1995, Logan drove Shonda and Vervia to a Kroger store in Columbia City, Indiana. Each time Logan waited in the car while Shonda and Vervia entered the store, cashed the check, and returned to the car where Logan took the proceeds and gave them $100.00 to $150.00 from each check. On July 6, 1995 Logan drove Shonda to Gene's Super Value store in South Whitley; Vervia drove her own car. Again, Logan waited while the two women each cashed a check and returned with the proceeds; Logan took the proceeds and gave the women $100.00 to $150.00 from each check. The five checks totaled $4,700.00. The account was closed on July 7, 1995. All five checks were returned for insufficient funds. After pleading guilty to two counts of forgery, both women testified against Logan.

At all times, Logan proceeded pro se. Logan was found guilty of five counts of forgery and two counts of theft. The trial court determined that there were two victims, Kroger and Gene's Super Value, and that the two counts of theft were lesser-included offenses of the forgeries. The court sentenced Logan to three eight-year terms to run concurrent for the three counts related to the checks cashed at Kroger and two eight-year terms for the two counts related to the checks cashed at Gene's Super Value to run concurrent to each other but consecutive to the sentence for those cashed at Kroger for a total of sixteen years.

## DISCUSSION AND DECISION

 The determination of whether a defendant has knowingly, voluntarily and intel-

2. Vervia Logan is not related to the appellant.

ligently waived his right to counsel is to be made based on the facts of the individual situation. *Geiger v. State,* 688 N.E.2d 1298, 1300 (Ind.Ct.App.1997). Here, although the trial court did not specifically advise Logan of the dangers of proceeding pro se, it did advise him of the severity of the charges and the possible sentences, and provided him with the standby counsel which Logan requested. Logan's conduct at the initial hearing and at the trial, the specific language that he used, and his experience with the judicial system provide sufficient evidence from which the court could have determined that Logan waived his right to counsel or, more accurately, asserted his right to act as his own counsel.

■ Next, our review discloses that the convictions are supported by substantial evidence of probative value that Logan set up the business account using the name of an incarcerated inmate; that on each of the charged occasions, Logan prepared the fraudulent payroll checks; that each time Logan gave the checks to one of the women; that Logan took the women to the stores where they endorsed and cashed the checks; that Logan waited outside for the women to return; and that Logan allowed the women to retain some of the money and took the remainder. This provides sufficient evidence that Logan is guilty of forgery by aiding, inducing, or causing the women to cash the checks and thus deprive the stores of the specified amount of currency. *See Richards v. State,* 481 N.E.2d 1093, 1095 (Ind.1985). Logan asserts that there are inconsistencies in the testimony of the two women, that no one saw him write or sign any of the checks or even possess one, and that his fingerprints were not found on any of the checks. The jury must reconcile any inconsistencies in arriving at a verdict. *See Parker v. State,* 530 N.E.2d 128, 130 (Ind.Ct.App.1988).

■ Finally, Logan asserts that the trial court's sentencing order violates IC 35–50–1–2 which limits the total sentence for acts arising out of a single episode of criminal conduct to the maximum for a felony one class higher, here, ten years. The statute defines "episode of criminal conduct" as "offenses or a connected series of offenses that

are closely related in time, place, and circumstance." IC 35–50–1–2(b). The checks were cashed over a five-day period at two different stores. An account of each of these offenses may be related without referring to any of the others. *See Reynolds v. State,* 657 N.E.2d 438, 440–41 (Ind.Ct.App.1995) (burglaries of three homes on same day were not a single episode, and, therefore, consecutive sentences were not an abuse of trial court's discretion). The offenses did not arise from a single episode, and the trial court did not err in sentencing Logan.

Affirmed.

SULLIVAN and FRIEDLANDER, JJ., concur.