Arthur SCHLICHTER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0112–CR–819.

Court of Appeals of Indiana.

April 30, 2002.

John F. Crawford, Crawford & Devane, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Arthur Schlichter appeals the consecutive sentences that had been imposed on two counts of Forgery,[1] a class C felony, as well as the sentence on one count of Theft,[2] a class D felony, following the revocation of his probation. Concluding that the forgery offenses Schlichter committed arose from a single episode of criminal conduct, we remand to the trial court for a correction of his sentence in accordance with Ind.Code § 35–50–1–2.

*FACTS*

In August 1996, Schlichter was employed by Alexander Earthwork & Utilities, Inc. (Alexander) in Westville. He stole two checks from Alexander and forged the signature of the company's president, Kurt Alexander Sharpe, on both checks. Sharpe first noticed that the checks were missing on August 14, 1996. Each check bore the memo, "Super Bowl tickets." Appellant's App. p. 284. The checks were also post-dated to August 17, 1996.

During the summer of 1996, Schlichter had befriended attorney Rebecca Janovsky who, at that time, practiced law in Indiana. On August 13, 1996, Schlichter went to Janovsky's residence in Indianapolis and gave her the two checks that he had stolen from Alexander. Those checks were made payable to Schlichter in the amount of $25,000 each. In exchange, Janovsky gave Schlichter $8500 in cash. Schlichter informed Janovsky that he had been given the checks to purchase Super Bowl tickets and that they could be cashed on August 17, 1996. Schlichter also told Janovsky to hold the checks as collateral for the loan. Schlichter ultimately admitted to Janovsky that the checks were stolen and not negotiable. Schlichter did not repay the loan.

As a result, the State filed two counts of forgery and one count of theft against Schlichter. Schlichter and the State ultimately entered into a plea agreement calling for Schlichter to plead guilty to all three counts as charged and to receive an executed sentence of between seven and fifteen years. On July 9, 1997, when Schlichter was sentenced, the Honorable Gary Miller, the trial judge at the time, raised the issue of the propriety of consecutive sentences with regard to the forgery

---

1. Ind.Code § 35–43–5–2.

2. I.C. § 35–43–4–2.

counts. Judge Miller commented that the offenses appeared to be a "single episode" of conduct that might not warrant an imposition of consecutive sentences. Appellant's App. p. 290–91. In response to Judge Miller's concern, Schlichter's counsel agreed to "waive" the issue and the State also agreed not to contest the consecutive nature of the sentences. Appellant's App. p. 291.

In accordance with the plea agreement, Schlichter was ordered to serve eight years on counts I and II with five years executed and three years suspended, with count II to run consecutive to Count I resulting in an overall sentence of sixteen years with ten years executed and six years suspended on the forgery counts. Schlichter was also sentenced to three years on the theft charge to run concurrent with count I and was placed on probation for five years. The court ordered eight years of the executed sentence to be served at the Department of Corrections followed by two years to be served at the Hoch Correctional Consultants and Services Day Reporting Program [3] (H.O.C.C.).

After serving the required sentence through the Department of Corrections, Schlichter began serving the H.O.C.C. portion of the sentence. On April 27, 2000, a violation of the H.O.C.C. conditions was filed where it was alleged that Schlichter failed to attend Gambler's Anonymous meetings and had provided false information about maintaining a cell phone. Appellant's App. p. 203. Thereafter, an amended notice of probation was filed alleging that Schlichter had been convicted in a U.S. District Court of money laundering and had failed to report to the H.O.C.C. facility since April 28, 2000. Appellant's App. p. 205, 213.

Schlichter was found in violation of probation on August 1, 2001, and was sentenced to six years and 254 days, which was the maximum period of time permitted. Schlichter now appeals, arguing that the original sentence that had been imposed was illegal.

### DISCUSSION AND DECISION

In addressing Schlichter's contention, we initially observe that the State maintains that the conviction and sentence must be affirmed in all respects because Schlichter's appeal of the original sentence at this stage of the proceedings constitutes an improper collateral attack on the sentence. Thus, the State contends that Schlichter's sole remedy is to file a petition for post-conviction relief. Appellee's Br. p. 4–5.

Contrary to the State's assertion, this court has held that the legality of a sentence can be raised for the first time on appeal. *Abron v. State*, 591 N.E.2d 634, 638 (Ind.Ct.App.1992), *trans. denied*. Although we typically review a sentence for an abuse of discretion, an illegal sentence is in the nature of a "void" judgment and can be attacked directly or collaterally at any time. *Beanblossom v. State*, 637 N.E.2d 1345, 1349 (Ind.Ct.App.1994), *trans. denied*. The legislature prescribes penalties for crimes and the trial court's discretion does not extend beyond the statutory limits. *Ratliff v. State*, 741 N.E.2d 424, 431 (Ind.Ct.App.2000), *trans. denied*. Moreover, we are duty bound to correct an illegal sentence. *See Golden v. State*, 553 N.E.2d 1219, 1223–24 (Ind.Ct.App.1990), *trans. denied*. A sentence in contravention of statutory authority constitutes "fundamental error" and cannot be ignored by

---

**3.** This portion of the sentence required Schlichter to be subject to random urinalysis, to participate in any court-ordered directives and to attend alcohol and drug abuse programs. Appellant's App. p. 184.

a court of review. *Kleinrichert v. State*, 260 Ind. 537, 543, 297 N.E.2d 822, 826 (1973).

■ In resolving the issue that Schlichter presents, we first turn to Ind.Code § 35–50–1–2:

(b) As used in this section, *"episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place or circumstance.*

(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in Ind.Code 35–38–1–7.1(b) and Ind.Code 35–38–1–7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. *However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under Ind.Code 35–50–2–8 and Ind.Code 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.*

(Emphasis supplied).

In addition to the above, our supreme court has adopted the following test in determining whether criminal conduct constitutes a single episode: "The issue is whether the alleged conduct was so closely related in time, place and circumstances that a complete account of one charge cannot be related without referring to details of the other charge." *O'Connell v. State*, 742 N.E.2d 943, 950–51 (Ind.2001).

In accordance with this test, we have held that the theft and writing of four separate checks, written on separate dates, for different amounts, did not constitute a single episode of criminal conduct. *Hightower v. State*, 735 N.E.2d 1209, 1216 (Ind.Ct.App. 2000); *see also Logan v. State*, 693 N.E.2d 1331, 1333 (Ind.Ct.App.1998) (holding that the cashing of five forged checks at two different stores over a five-day period did not constitute a single episode of criminal conduct). On the other hand, we have concluded that the commission of three burglaries at the same place on the same night constituted a single criminal episode negating consecutive sentences beyond the statutory limits of I.C. § 35–50–1–2. *Jennings v. State*, 687 N.E.2d 621, 623 (Ind. Ct.App.1997).

Turning to the circumstances here, it is apparent that the two checks that were the basis of the forgery counts were "uttered" to the same person, Janovsky, on the same date for the same amount and with the same intent—providing "collateral" for an $8500 cash payment by Janovsky to Schlichter. Appellant's App. p. 283–86. Thus, we must conclude that the forgery counts were part of the same criminal episode in accordance with I.C. § 35–50–1–2. Because that statute provides that the sentence may not exceed the presumptive sentence that is one class of felony higher than the most serious for those which the defendant is convicted in circumstances involving a single criminal episode, we note the sentencing provisions for a class B felony. I.C. § 35–50–2–5 provides that "A person who commits a class B felony shall be imprisoned for a fixed term of ten (10) years, with no more than ten (10) years added for aggravating circumstances or not more than four (4) years subtracted for mitigating circumstances." When construing these statutes, the maximum sentence that Schlichter could have received for the

commission of those two class C felonies was ten years.

■ Our disposition of the issue does not end here, however, inasmuch as Schlichter goes on to argue that the theft charge under count III could also be considered a part of the same episode of conduct. Although Alexander first discovered the checks missing on August 14, 1996, it is does not necessarily follow that Schlichter stole them so close in time as to make that act part of the single criminal episode. As a result, Schlichter's conviction and sentence for theft remain unaffected by I.C. § 35–50–1–2.[4] Therefore, the three-year concurrent sentence imposed for theft may stand.

### CONCLUSION

As a result of our disposition of the issue set forth above, we conclude that the original sentence imposed with regard to the two forgery counts violated the limitations of I.C. § 35–50–1–2. Thus, we remand this cause to the trial court with instructions that it correct Schlichter's sentence to reflect an aggregate ten-year sentence on those two counts. The trial court is further directed to conduct additional proceedings as may be necessary for the purpose of recalculating the time that Schlichter is to serve as a result of the probation revocation.

Remanded for correction of sentence.

SULLIVAN, J., and DARDEN, J., concur.

---

4. Notwithstanding the limitations in I.C. § 35–50–1–2, the three-year sentence imposed for theft was ordered to run concurrent with the forgery conviction that had been charged in count I.