23, 1999. After the opposing party objected to the signed order, the trial court struck the added language and ordered the respondent to pay opposing counsel's fees.

**Violations:** The respondent violated Ind.Professional Conduct Rule 3.3(a)(1), which provides that a lawyer shall not knowingly make a false statement of material fact to a tribunal, and Prof.Cond.R. 8.4(d) by engaging in conduct prejudicial to the administration of justice.

**Discipline:** Thirty-day suspension from the practice of law, effective January 25, 2003, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, noting, however, that it does so largely because it is an agreed resolution. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties and entities as directed by Admis.Disc.R. 23(3)(d).

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents, believing that a mere 30–day suspension is grossly inadequate for a lawyer who deliberately altered an agreed stipulation, inserting language favoring the lawyer's client to which the opposing party had not agreed, and who then deceptively submitted the stipulation to the court for approval without disclosing the alteration.

Arthur SCHLICHTER, Appellant
(Respondent below),

v.

STATE of Indiana, Appellee
(Petitioner below).

No. 49S02–0210–CR–508.

Supreme Court of Indiana.

Dec. 18, 2002.

John F. Crawford Indianapolis, IN, Attorney for Appellant.

Stephen Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

Arthur Schlichter pled guilty to two counts of forgery and one count of theft and received consecutive sentences for the two forgery charges. While serving his sentence, Schlichter violated his probation. Following the revocation of his probation, Schlichter appealed, challenging the propriety of the consecutive sentences. We hold that Schlichter may not collaterally challenge his sentence on an appeal from his probation revocation. Schlichter's options were to appeal his sentence when imposed or challenge it in a post-conviction proceeding.

### Background

On January 17, 1997, Schlichter pled guilty to two counts of forgery and one count of theft. On July 9, 1997, the trial court held a sentencing hearing. At that time, both Schlichter and the State agreed to not contest the issue of whether the two forgery counts constituted a "single episode" of conduct. The trial court ultimately sentenced Schlichter to consecutive sentences of eight years imprisonment for each count of forgery and to a concurrent sentence of three years for the theft count. A portion of the sentence was to be served in a community corrections and day reporting setting.

On April 27, 2000, the State filed a Notice of Probation Violation, alleging three violations. Two additional alleged violations were subsequently added.

A probation revocation hearing was held on May 30, 2001. At the hearing, Schlichter admitted that he violated the conditions of his probation. On August 1, 2001, the trial court revoked Schlichter's probation and reimposed the previously suspended sentence of six years and 254 days.

On appeal, Schlichter did not challenge the revocation of his probation. Instead, he argued that the original trial court's imposition of consecutive sentences for the two forgery counts constituted an "illegal" sentence.

The Court of Appeals agreed and reversed the trial court. *Schlichter v. State,* 766 N.E.2d 801 (Ind.Ct.App.2002). Having previously granted transfer, thereby vacating the Court of Appeals' opinion, we now affirm the trial court.

### Discussion

The State contends that Schlichter's appeal from his probation revocation constitutes an impermissible collateral attack on his underlying sentence. We agree.

 As noted above, Schlichter appeals from the trial court's decision revoking his probation. However, he does not challenge the trial court's ruling. Instead, he contends that the original sentence imposed was "illegal" because it included con-

secutive sentences for the two counts of forgery. This was impermissible, Schlichter argues, because the two counts arose from a "single episode of criminal conduct" and the legislature has prohibited the use of consecutive sentences in such instances. Ind.Code § 35–50–1–2.

Schlichter could have challenged the permissibility of his sentence under the consecutive sentencing statute by appealing his sentence when it was imposed. *Cf. Harris v. State,* 749 N.E.2d 57 (Ind.Ct. App.2001), *trans. denied,* 761 N.E.2d 414 (Ind.2001) (table). To the extent that he believed that it was imposed as a consequence of the ineffective assistance of his trial counsel or that he had other grounds for collateral relief, he could have challenged the sentence by filing a petition for post-conviction relief. *Cf. Smith v. State,* 770 N.E.2d 290 (Ind.2002). However, the issue of the permissibility of his sentence under the consecutive sentencing statute was not before the trial court in this probation revocation proceeding and he has no basis to raise the issue in an appeal from his probation revocation.

The Court of Appeals cited several cases in its opinion as authority for deciding the issue, *see* 766 N.E.2d at 803–04, but we do not find them to be on point. Each involves the authority of the court on appeal to review a sentencing claim in either a direct appeal or an appeal in a post-conviction proceeding. None involves the procedural setting here—an appeal from a probation revocation.

■ Our direct appeal and post-conviction procedures make clear the relative responsibilities of trial and appellate courts and the relative burdens of the parties. When litigation occurs outside those pa-

rameters, those responsibilities and burdens can become blurred. Such a blurring is illustrated by this case. Whether certain offenses constitute a "single episode of criminal conduct" is a fact-intensive inquiry that a trial court should pass upon first before it is subject to appellate review. That has not taken place here. In fact, Schlichter himself acknowledges that "[a]t the original sentencing, [the presiding judge] raised the issue of the propriety of consecutive sentences [on the two forgery counts] since the offenses appeared to be a 'single episode' of conduct. Counsel for defendant Schlichter agreed to 'waive' the issue...." Brief of Appellant, at 6 (citation to record omitted). Before appellate review of the "single episode" claim is appropriate, there should be a factual analysis of the claim by a trial court and, quite possibly, a demonstration as to why the claim is available at all given that Schlichter agreed to "waive" the issue.[1] It is for this reason that we must insist that Schlichter seek relief either through a direct appeal of his sentence or a petition for post-conviction relief.

*Conclusion*

Having previously granted transfer pursuant to Indiana Appellate Rule 58(A), thereby vacating the opinion of the Court of Appeals, we now affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

1. We make this point because a defendant will frequently give up important rights as part of the plea bargaining process. *See Games v. State,* 743 N.E.2d 1132, 1135 (Ind. 2001) ("Defendants who plead guilty to achieve favorable outcomes in the process of bargaining give up a plethora of substantive claims and procedural rights.").