v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0206–JV–500.

Court of Appeals of Indiana.

Feb. 18, 2003.

Rehearing Denied March 31, 2003.

Katherine A. Cornelius, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

**OPINION**

ROBERTSON, Senior Judge.

*STATEMENT OF THE CASE*

Appellant MJH admitted to being a delinquent child for failing to attend school. In an order issued on February 22, 2002, MJH was placed on probation with one of the conditions being that he "attend school as required by law with no absences or tardiness of an unexcused nature. . . ." Ap-

pellant's App. at 29. On April 23, 2002, the State filed a petition to revoke probation because MJH had failed to fulfill the school attendance condition of probation. After a hearing, MJH was found to have violated his probation and was committed to the Boys' School. MJH appeals from that decision.

We reverse.

## ISSUE

The following issue is dispositive: whether the State presented sufficient evidence to support revocation of probation.[1]

## DISCUSSION AND DECISION

MJH contends that the State failed to present admissible evidence to establish that he violated a condition of his probation. MJH further contends that the evidence presented, even if admissible, is insufficient to establish that he violated his probation. For purposes of this opinion, we will address MJH's second contention.

A probation revocation hearing is in the nature of a civil proceeding. *Baxter v. State*, 774 N.E.2d 1037, 1044 (Ind.Ct. App.2002), *trans. denied.* As such, the alleged violation need be proven only by a preponderance of the evidence. *Id.* Moreover, violation of a single condition of probation is sufficient to revoke probation. *Id.* As with other sufficiency questions, we do not reweigh the evidence or judge the credibility of witnesses when reviewing a probation revocation. *Id.* We look only to the evidence that supports the judgment and any reasonable inferences flowing therefrom. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer

committed any violation, revocation of probation is appropriate. *Id.*

Here, the State presented evidence to show that MJH was a student at Ben Davis Junior High School ("BDJHS"). The State then presented evidence in an effort to prove MJH's violation of the school attendance requirement of his probation. This evidence consisted solely of a computer printout entitled "Student Absence Information." Attached to the printout was an "Affidavit For Probable Cause" in which an Assistant Principal at BDJHS averred that he had "access to official records of school attendance indicating that [MJH] was absent from school without excuse" and then refers to the attached printout.

The period of time pertinent to the petition to revoke began on February 25, 2002 and ended on April 22, 2002. The printout designates certain days during this period of time, with the days divided into columns representing class periods. A number of the columns contain the notation "ND." One day, March 22, 2002, has the notation "SS" in the column representing the first period.

A legend on the last page of the printout indicates that "ND" means "need documentation," and "SS" means "school suspension." The legend also indicates that the notation "AU" refers to an "unexcused am-A or T." The State presented no evidence to explain the import of these notations.

It can be inferred from the "ND" notations that something happened during these class periods that required further documentation, but the printout does not explain who was to provide documentation, what type of documentation was required,

---

1. Both parties make extensive argument as to the applicability of the Indiana Rules of Evidence. Indiana Evidence Rule 101(c)(2) states that the rules do not apply to probation proceedings.

or who the documentation was to be provided to. It can be inferred from the "SS" notation that MJH was told by the school that he was not to attend the first period on March 22, 2002. Furthermore, it can be inferred that the "AU" notation refers to either unexcused absences or tardies. The one thing that is very clear from the printout is that there were no "AU" notations on the days in question.

The State's evidence is insufficient to prove that MJH had an unexcused absence or a tardy during the period in question. Accordingly, the court erred in determining that MJH violated the school attendance condition of his probation. We reverse and remand with instructions that the court set aside its disposition order.

Reversed and remanded.

SULLIVAN, J., and NAJAM, J., concur.