**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**LORINDA MEIER YOUNGCOURT**
Lawrence Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 08 2012, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL D. WRIGHT, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 47A01-1106-CR-289 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAWRENCE SUPERIOR COURT
The Honorable Michael A. Robbins, Judge
Cause No. 47D01-9105-CF-46
Cause No. 47D01-0508-FD-445

**February 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Michael D. Wright, Sr. appeals the revocation of his probation and the execution of his previously suspended sentences. Wright presents the following restated issue for review: Did the revocation court err in executing the entire term of the suspended sentences?

We affirm.

The facts favorable to the judgment revoking probation are that in 1993, Wright was convicted of burglary and conspiracy to commit burglary, both as class C felonies, and theft as a class D felony (the 1993 cause). He was also found to be an habitual offender. On March 12, 1993, he was sentenced to eight years for the burglary conviction, which was to run consecutively to the eight-year sentenced imposed for the conviction of conspiracy to commit burglary, which in turn was enhanced by thirty years as a result of the habitual offender adjudication. A three-year sentence imposed for the theft conviction was ordered to be served concurrently with the other two sentences. On April 24, 2000, the court granted the parties' joint motion to modify Wright's sentence and modified his sentence to include "a total sentence of thirty-five (35) years, with twenty-two (22) years executed, thirteen (13) years suspended, thirteen (13) years of probation." *Appellant's Appendix* at 60. Wright began serving the probationary portion of his sentence on May 16, 2003.

On June 16, 2004, Wright was charged in Lawrence County with resisting law enforcement as a class D felony and operating a vehicle while intoxicated (OWI) as a class A misdemeanor (the 2004 cause). On October 20, 2004, he pled guilty to the OWI offense. Under the written plea agreement, sentencing was left to the trial court's discretion. On February 8, 2005, the trial court sentenced Wright to 365 days in jail, but suspended 315 days to probation, with probation to commence immediately. As a condition of probation, Wright

2

was to abstain from using alcohol and was subject to alcohol testing via Sobrietor.

On July 25, 2005, the State filed petitions to revoke Wright's probation with respect to both the 1993 and 2004 causes based upon his failure of two separate Sobrietor tests. The trial court revoked Wright's probation but re-suspended his sentences of twelve years and 301 days and 315 days, respectively. On February 2, 2006, the State filed another petition to revoke probation on grounds that in December 2005, charges of sexual misconduct with a minor as a class C felony, two counts of contributing to the delinquency of a minor as class A misdemeanors, and two counts of furnishing alcohol to a minor as class C misdemeanors had been filed against Wright. On October 10, 2006, Wright entered a plea of guilty to the offense of sexual misconduct with a minor as a class D felony (the 2006 cause), in exchange for which the State dismissed the other charges. The trial court imposed a three-year, executed sentence for that offense.

On July 17, 2007, Wright was sentenced by the Southern District Commonwealth of Florida to forty-two months upon his conviction of the federal crimes of conspiracy to commit wire fraud (Count I) and embezzling or stealing goods worth more than $1000 (Count II). The Florida court also ordered that the executed sentence be followed by five years of federal supervised probation for Count I and three years of federal probation on Count II.

On January 24, 2011, Wright returned to Lawrence County after completing his three-year sentence in the 2006 cause. On March 2, 2011, he admitted that he had violated the terms of his probation in both the 1993 cause and the 2004 cause by committing the offense that led to his conviction in the 2006 cause. Following a dispositional hearing, the trial court

3

revoked Wright's probation and executed his previously suspended sentence of 12 years and 201 days in the 1993 cause, as well as the previously suspended sentence of 315 days in the 2004 cause. Wright appeals the execution of his previously suspended sentences.

We initially observe that probation is a conditional liberty that is a favor, not a right. *See Brown v. State*, 947 N.E.2d 486 (Ind. Ct. App. 2011), *trans. denied.* It is a criminal sanction whereby a defendant specifically agrees to accept restrictions upon his behavior in lieu of imprisonment. *Abernathy v. State,* 852 N.E.2d 1016 (Ind. Ct. App . 2006). These restrictions are designed to ensure that probation serves as a period of genuine rehabilitation and the public is not harmed by a probationer living in the community. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer violated the conditions of probation, revocation is appropriate. *M.J.H. v. State,* 783 N.E.2d 376 (Ind. Ct. App. 2003), *trans. denied.* Generally, as long as the trial court follows the procedures outlined in Ind. Code Ann. § 35–38–2–3 (West, Westlaw current through end of 2011 1st Regular Sess.), it may properly order execution of a suspended sentence. *Abernathy v. State,* 852 N.E.2d 1016. I.C. § 35–38–2–3(g) provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

"A defendant is entitled to dispute on appeal the terms of a sentence ordered to be

4

served in a probation revocation proceeding that differ from those terms originally imposed."

*Stephens v. State,* 818 N.E.2d 936, 939 (Ind. 2004). This means, among other things, that a probationer may challenge the reasonableness of the executed portion of the previously suspended sentence in view of "the nature of the violations and the character of the offender." *Id.* at 942.

We review a trial court's decision to revoke probation and its sentencing decision in a probation revocation proceeding for an abuse of discretion. *Abernathy v. State,* 852 N.E.2d 1016. An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* When reviewing a trial court's decision to execute a previously suspended sentence upon a finding of violation of the conditions of probation, we do not review the propriety of the defendant's original sentence. *Id.*

One of Wright's arguments in support of reversing the imposition of the previously suspended sentences is unique. He notes that the version of Indiana's habitual offender statute in effect at the time he was sentenced in the 1994 cause provided: "the court shall sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment." Ind. Code Ann. § 35-50-2-8 (West, 1992) (repealed 1993). A little more than three months after Wright was sentenced, however, the Indiana legislature modified the relevant portion of the habitual offender statute as follows:

> The court shall sentence a person found to be a habitual offender to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

For the 1994 cause, Wright's maximum possible enhancement under the current version of

5

the habitual offender statute would have been twelve years, not thirty. Thus, according to Wright, the maximum sentence he could have received in the 1994 cause would have been twenty-eight years, which is seven years less than the thirty-five year sentence he received following the April 24, 2000 sentence modification.

Even accepting as true all of the foregoing assertions with respect to the lengths of sentences under the former and current versions of the statute, we reject Wright's premise, i.e., that he may impliedly attack the sentence imposed under the former habitual offender statute in this context. Wright's main argument upon appeal amounts to an attack on the underlying sentence in that he unfavorably compares the amount of that sentence remaining at the time the court executed with the amount that would have remained had the sentence been imposed under the modified version of the habitual offender statute. The only asserted grounds for reversal that we perceive in this regard are that he would have less probation remaining or even none at all had he been sentenced pursuant to the modified scheme. Our Supreme Court has held that a defendant may not challenge the underlying sentence in an appeal from a revocation of probation. *See Schlichter v. State*, 779 N.E.2d 1155 (Ind. 2002) (the Supreme Court held that the appellant could not challenge the sentencing court's imposition of consecutive sentence in an appeal from the revocation of probation). Therefore, the challenge fails to the extent it is made by reference to, or with respect to, the length of the original sentence.

Turning now to the question of whether revocation is against the logic and effect of the circumstances before the trial court, *see Abernathy v. State,* 852 N.E.2d 1016, we note Wright's argument that he is "not a threat or danger to society and revoking and executing

6

his suspended sentences of over thirteen years does not serve the means of justice." *Appellant's Brief* at 9. The record reveals that while on probation for the instant offenses, he was, over a period of several years, convicted of operating a vehicle while intoxicated, separately failed two different Sobrietor tests, convicted of sexual misconduct with a minor as a class D felony, and convicted in federal court of conspiracy to commit wire fraud and embezzling or stealing goods worth more than $1000. In short, there was ample evidence to support the trial court's thoughtful observation that "at some point in time … I took an oath, my oath requires me to say enough's enough and I can only give a person so many opportunities to seize the opportunity that have [sic] been provided and to work aggressively toward … righting themselves." *Transcript* at 71.

The offenses committed by Wright while on probation, although not crimes of violence per se, cannot be viewed as insignificant and included a sexual offense involving a minor. Moreover, it appears that Wright persistently engaged in illegal behavior while on probation. His failure to bring his substance-abuse addiction under control is lamentable, but cannot excuse his failure to live a law-abiding life while on probation and provide an excuse for yet another opportunity to accomplish what he has heretofore been unable to do, i.e., abide by the restrictions of probation and obey the rules of society. The trial court did not err in revoking Wright's probation and executing his previously suspended sentences.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.