## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael G. Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerimia Heffner,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 31, 2016<br><br>Court of Appeals Case No.<br>02A05-1510-CR-1806<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D05-1506-F6-546 |

**Pyle, Judge.**

# Case Summary

Jerimia Heffner ("Heffner") appeals the sentence imposed after he pleaded guilty to three counts of Level 6 felony invasion of privacy[1] for telephone calls that he made to his then-wife Tina, ("Tina"), from the Allen County Jail. He specifically contends that the trial court erred in ordering two of the sentences to run consecutively. Because the three phone calls stem from three separate acts of criminal misconduct, the trial court did not abuse its discretion when it ordered consecutive sentences.

We affirm.

# Issue

Whether the trial court abused its discretion in ordering consecutive sentences.

# Facts

In March 2015, thirty-five-year-old Heffner, who was incarcerated in the Allen County Jail, was under a no-contact order with his then-wife Tina. On March 2, Heffner telephoned Tina and told her not to cooperate with the authorities and to contact the small claims court using a "deep voice like a man" to change a court date. (App. 14). The following day, March 3, Heffner telephoned Tina and told her not to cooperate with Child Protective Services because it could

---

[1] IND. CODE § 35-46-1-15.1.

"f*** up his entire case and he could get six years." (App. 14). On March 5, Heffner telephoned Tina and told her that she was "the one that caused this sh*t." (App. 14).

[4] The State charged Heffner with three counts of Level 6 felony invasion of privacy, one count for each of the three telephone calls. Heffner pleaded guilty to the three counts without a plea agreement. The trial court sentenced him to two years each for Counts I and II, with one year executed and one year suspended to probation, sentences to run concurrently. The trial court further sentenced Heffner to one and one-half years for Count III. The court ordered that sentence to run consecutively to the two-year concurrent sentence for Counts I and II, for a total sentence of three and one-half years. Heffner appeals his sentence.

## Decision

[5] Heffner argues that the trial court erred in ordering his sentence for Count III to run consecutively to the concurrent sentence for Counts I and II. Specifically, he contends that his "three (3) charges of Invasion of Privacy all stemmed from one episode of criminal conduct." (Heffner's Br. 11). Therefore, according to Heffner, his total sentence was limited to the advisory sentence for the next higher class of felony, which is three years.

[6] Sentencing decisions rest within the sound discretion of the trial court. *Bisard v. State*, 26 N.E.3d 1060, 1070 (Ind. Ct. App. 2015), *trans. denied*. INDIANA CODE § 35-50-1-2(c) provides that, except for statutory crimes of violence,

the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

An "episode of criminal conduct" refers to "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. § 35-50-1-2(b). Whether multiple offenses constitute a single episode of criminal conduct is a fact-sensitive inquiry to be determined by the trial court. *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002). In making this determination, we look to the simultaneous and contemporaneous nature of the crimes, which would constitute a single episode of criminal conduct. *Reed v. State*, 856 N.E.2d 1189, 1200 (Ind. 2006). Separate offenses are not part of a single episode of criminal conduct when a full account of each crime can be given without referring to the other offenses. *Reeves v. State*, 953 N.E.2d 665, 671 (Ind. Ct. App. 2011), *trans. denied*.

[7] Here, our review of the record reveals that Heffner made the three phone calls on three different days, and a full account of each call can be given without referring to the other calls. Specifically, each call involved a separate invasion of the victim's privacy. In addition, each call contained a different threat or instruction. The crimes were distinct in nature and were not part of a continuous transaction. We therefore conclude that Heffner's crimes were not

part of a single episode of criminal conduct, and the trial court did not abuse it discretion in ordering consecutive sentences.

[8]     Affirmed.


Kirsch, J., and Riley, J., concur.