## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2016, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mario Vidal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 9, 2016

Court of Appeals Case No.
40A01-1603-CR-552

Appeal from the Jennings Circuit Court

The Honorable Jonathan W. Webster, Judge

Trial Court Cause No.
40C01-0802-FC-22

**Mathias, Judge.**

[1]     The Jennings Circuit Court revoked the probation of Mario Vidal ("Vidal") and ordered him to serve the entire eighty-nine months of his previously suspended

sentence. On appeal, Vidal argues that the trial court abused its discretion in ordering him to serve the balance of his previously suspended sentence.

[2] We affirm.

### Facts and Procedural History

[3] On February 7, 2008, Vidal, who had illegally entered this country from his native Honduras, was charged in Jennings County, Indiana, with Class C felony forgery. The information alleged that Vidal had made, uttered, or possessed a fake payroll check that purported to have been made by Lowe's Distribution Center. On May 19, 2008, Vidal entered into a plea deal with the State. Pursuant to the agreement, Vidal pleaded guilty to Class C felony forgery. The plea agreement clearly informed Vidal that "[i]f you are an illegal alien, a resident alien, or a 'green card permanent resident' of the United States, or otherwise not a lawful United States citizen, a felony conviction may result in deportation." Appellant's App. p. 40. Vidal was sentenced to eight years, with all but the 218 days he had already served suspended to probation.

[4] After he was sentenced, Vidal was deported. As a result, he never reported to his probation officer as required by the terms of his probation. On January 6, 2009, the State filed a petition to revoke or modify Vidal's probation, alleging that he had violated the terms of probation by failing to report to his probation officer. Vidal failed to appear at the scheduled March 30, 2009, probation hearing, and the trial court issued a bench warrant for his arrest.

[5] Although he failed to appear at the probation hearing, Vidal had illegally re-entered the United States shortly after his deportation, as evidenced by the fact that, in 2009, he was arrested for forgery in Arizona and for theft in Louisiana. In 2011, he was arrested and convicted in New York for robbery and disorderly conduct. In 2013, he was arrested and convicted in New Jersey for theft and forgery. On October 13, 2015, Vidal completed his sentences in New York and New Jersey. On November 10, 2015, Vidal was transported to Indiana on the bench warrant that had been issued as a result of his failure to appear for the probation hearing.

[6] A probation revocation hearing was held on February 9, 2016. The trial court found that Vidal had violated the terms of his probation by failing to report to his probation officer as required. After hearing arguments from both parties, the trial court took the matter under advisement. Later that same day, the trial court entered an order revoking Vidal's probation and ordering him to serve the balance of his previously suspended sentence. In so doing, the trial court noted that Vidal had not paid any of the monetary restitution required by his probation, had illegally re-entered the country, and had been convicted of at least two additional felonies since his return to the country. Vidal now appeals.

## Standard of Review

[7] Vidal argues that the trial court abused its discretion when it revoked his probation and ordered him to serve the remainder of his previously suspended sentence.

[8] Our courts have long noted that probation is an alternative to incarceration and is granted in the sole discretion of the trial court. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans. denied*. Accordingly, a defendant is not entitled to serve a sentence on probation; instead, probation is a matter of grace and a conditional liberty that is a favor, not a right. *Id.*

[9] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of probation has occurred. *Id.* Where a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.*

[10] Upon revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012) (citing Ind. Code § 35-38-2-3(h)(l)–(3)).

[11] We review a trial court's sentencing decision following a probation violation for an abuse of discretion. *Alford*, 965 N.E.2d at 135 (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[12] Although he did not admit to violating probation to the trial court, Vidal concedes this point on appeal and argues only that the trial court abused its discretion by ordering him to serve the remainder of his previously suspended sentence. Vidal claims that he presented evidence that explains and mitigates his violation. Specifically, Vidal notes that he received the maximum eight-year sentence even though, he claims, he had no prior criminal history, and that he and his then-trial attorney knew that he would almost certainly be deported, yet failed to address how he could comply with probation if he was deported. Thus, Vidal claims he was "set up" to fail probation.[1]

[13] To the extent that Vidal claims that his underlying sentence of eight years was improper, an appeal from the revocation of his probation is not the proper forum to present this claim. *See Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002) (holding that claim of error in underlying sentence could not be addressed in appeal from trial court's order revoking probation); *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011) ("A defendant cannot collaterally attack the propriety of an original sentence in the context of a probation revocation proceeding."). As noted by the trial court, if Vidal believes he was improperly sentenced or received ineffective assistance of trial counsel, these

---

[1] Vidal acknowledges that he was convicted of other crimes, but correctly notes that these additional grounds for revocation were not alleged in the petition to revoke and therefore cannot form the basis for revocation. *See Gleason v. State*, 634 N.E.2d 67, 69 (Ind. Ct. App. 1994) (holding that the State's failure to give the probationer written notice of the violation alleged deprived probationer of due process).

matters must be presented in a petition for post-conviction relief. *See Schlichter*, 779 N.E.2d at 1157 (holding that probationer should have presented claim of sentencing error on direct appeal or in a post-conviction petition). The bulk of Vidal's argument, however, is that the trial court abused its discretion in ordering him to serve the remainder of his previously suspended sentence. We now address this claim on its merits.

[14] At first blush, Vidal's claim that he was "set up" to fail appears to have some validity. He was given a long term of probation, but was most likely going to be deported. There appears to have been no discussion of how Vidal could complete his probation if he was sent back to his native Honduras. Perhaps Vidal or his counsel believed that, if he was deported, his failure to report to probation would have no consequences, or perhaps Vidal still held out hope that he would not be deported. If that were the case, then he would have been able to complete his term of probation.

[15] However, as noted above, Vidal is not challenging the trial court's finding that he violated the terms of his probation. He is instead challenging only the trial court's decision to revoke his probation and order him to serve the balance of his previously suspended sentence. In this regard, Vidal's argument overlooks his behavior after his deportation. Specifically, Vidal illegally re-entered the United States at some point not too long after he was deported. This is proven by his arrests in 2009 in Arizona and Louisiana. Once back in the United States, he chose to commit further crimes, as evidenced by his arrests and subsequent incarceration.

[16] Under these facts and circumstances, we cannot say that the trial court's decision ordering Vidal to serve his previously suspended sentence was an abuse of the trial court's considerable discretion in such matters.

[17] Affirmed.

Robb, J., and Brown, J., concur.