## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 14 2020, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Nancy A. McCaslin<br>McCaslin & McCaslin<br>Elkhart, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Steven Hosler<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| K.H.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner* | July 14, 2020<br><br>Court of Appeals Case No.<br>20A-JV-129<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br>The Honorable Deborah Domine, Magistrate<br><br>Trial Court Cause No.<br>20C01-1804-JD-140 |

**Baker, Judge.**

[1] K.H. appeals the juvenile court's modification of disposition order committing him to the Indiana Department of Correction (DOC), arguing that the juvenile court erred by not placing him in a more rehabilitative environment. Finding no error, we affirm.

# Facts

[2] On April 13, 2018, the State filed a delinquency petition, alleging that then-thirteen-year-old K.H. was delinquent for committing an act that would be Class A misdemeanor theft had it been committed by an adult. According to the petition, K.H. and two other juveniles allegedly took toy dart guns from a Walmart store in Elkhart without paying for them. K.H. admitted to the allegations against him. Consequently, on June 6, 2018, the juvenile court adjudicated K.H. to be delinquent, placed him on six months of good behavior,[1] and ordered that he participate in individual therapy.

[3] From that point on, K.H.'s behavior only worsened:

- On September 20, 2018, K.H. was suspended from school after violating the rules and arguing with his teacher. The school then placed K.H. in its after-hours program to assist with his ongoing issues. During this time, K.H. failed to complete case management and therapy as per the June 6, 2018, juvenile court order.
- In November 2018, K.H. was again suspended from school due to his truancy. Plus, on November 28, 2018, K.H. threatened his

---

[1] The juvenile court never explains what "good behavior" means as a disposition. At the conclusion of the June 6, 2018, hearing, the juvenile court states that "I'm placing you [K.H.] under six months good behavior and that good behavior can be extended into probation if you are not doing what needs to be done." Tr. Vol. II p. 11-12. It is our estimation then that "good behavior" is some mitigated form of probation, with fewer conditions and/or restrictions attached.

grandmother, who reportedly tried to seek a restraining order against him. Accordingly, on December 4, 2018, the juvenile court modified K.H.'s disposition order by placing him on probation, fitting him with an electronic monitor, and ordering him to attend alternative school daily.

- After receiving reports that K.H. was planning on joining a gang, on January 16, 2019, the juvenile court intervened and arranged for transportation so that he could attend his alternative school.

- On February 20, 2019, K.H. admitted to committing another act that would be Class A misdemeanor theft had it been committed by an adult. Thus, the juvenile court adjudicated him as delinquent and admonished K.H. to attend his schooling. Further, the juvenile court placed K.H. in the Juvenile Detention Center and stated that it would release K.H. once he earned three school credits. K.H. eventually earned those three credits and was released on probation to his mother's home.

- In June 2019, officers from the Elkhart City Police Department arrested K.H. because he was walking on a city street while smoking a cigar and refused to identify himself. On June 24, 2019, the juvenile court modified K.H.'s disposition order, directing K.H. to obtain an addictions assessment and to have lunch with a police officer as part of the "Lunch With a Cop" program. Appellant's App. Vol. II p. 87.

- On October 10, 2019, the juvenile court found that K.H. had violated his probation by missing five probation appointments, failing all his classes, and attempting to leave the country to visit his brother without permission. The juvenile court then ordered that K.H. participate in additional tutoring services, not have contact with his brother, and attend a meeting with his mother to discuss the future of his education.

- Upon learning that K.H. was still not attending school or therapy sessions, on November 14, 2019, the juvenile court again placed K.H. in the Juvenile Detention Center and had him undergo a psychological assessment.

- Following his November 27, 2019, release from the Juvenile Detention Center, K.H. was placed on home detention. Nevertheless, K.H. violated curfew, failed to attend another psychological evaluation, and neglected to re-enroll in school. The juvenile court ordered that K.H. be detained and placed again in the Juvenile Detention Center.

[4]   Following a December 23, 2019, hearing, the juvenile court modified K.H.'s disposition order by placing him in the DOC. In its order, the juvenile court stated that:

> The Court finds that it is in the best interests of the child to be removed from the home environment; the child has special needs that require services for care and treatment that cannot be provided in the home and he refuses treatment that is intended to diminish risk.
>
> The Court finds that reasonable efforts were made by the Probation Department to prevent or eliminate the need for removal of the child.

*Id.* at 133. K.H. now appeals.

## Discussion and Decision

[5]   K.H.'s sole argument on appeal is that the juvenile court erred when it placed him in the DOC. Specifically, K.H. contends that the juvenile court did not consider a more rehabilitative environment before modifying the disposition order.

[6]   We will reverse a juvenile court's placement of a delinquent minor only if the decision is clearly against the logic and effect of the facts and circumstances before it. *C.C. v. State*, 831 N.E.2d 215, 216-17 (Ind. Ct. App. 2005). The choice of a disposition for a juvenile is within the sound discretion of the juvenile court, and it is accorded wide flexibility in making that judgment. *E.L. v. State*, 783 N.E.2d 360, 366 (Ind. Ct. App. 2003). That disposition is subject, however,

to the statutory considerations of the welfare of the child, the community's safety, and the policy of favoring the least harsh disposition. *Id.*

[7] Indiana Code section 31-37-18-6(1) states that a juvenile court shall enter a dispositional decree that is "in the least restrictive (most family like) and most appropriate setting available; and . . . [is] consistent with the best interest and special needs of the child[.]" However, even if less restrictive options are available, a juvenile court's placement of a juvenile in the DOC is not erroneous when "earlier attempts at rehabilitation through less restrictive means were unsuccessful." *D.E. v. State*, 962 N.E.2d 94, 97 (Ind. Ct. App. 2011).

[8] While the goal of child placement within the juvenile court system is rehabilitation and not punishment, *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct. App. 2010), the ultimate decision to place K.H. in the DOC was still appropriate, and the juvenile court did not err by doing so.

[9] When presented with multiple opportunities for rehabilitation, K.H. has shown few signs of progress at any placement. When he was allowed to stay at home and attend school like any normal student, K.H. constantly skipped his classes, disobeyed the juvenile court's orders, and failed to attend his case management and therapy sessions. When he was placed in the Juvenile Detention Center, he would complete his short-term goals, only to violate the terms of the disposition order once he returned home. And when he was on supervised probation, K.H. either committed some sort of illegal act such as theft or smoking, fled from

home, tried to leave the country, attempted to join a gang, or failed to appear at mandatory probation meetings regarding the future of his education.

[10] This Court has already held that "violation of a single condition of probation is sufficient to revoke probation." *M.J.H. v. State*, 783 N.E.2d 376, 377 (Ind. Ct. App. 2003). Yet, the juvenile court chose time and time again to allow K.H. to remain on supervised probation or home detention even after multiple violations. K.H.'s constant run-ins with the law and delinquency adjudications are further evidence that he has no interest in rehabilitation through the current least restrictive resources available.

[11] K.H. disagrees, arguing that "[t]he trial court abused its discretion when it made K.H. a ward of the [DOC] without first placing him in a residential facility for rehabilitation." Appellant's Br. p. 14. In the past, this Court has held that a delinquent juvenile's placement in the DOC may still be appropriate even if less restrictive or less harsh alternatives are available. *K.A. v. State*, 775 N.E.2d 382, 386-87 (Ind. Ct. App. 2002). Given K.H.'s questionable and, at times, dangerous behavior of committing theft, frequently skipping school, threatening family members, violating probation multiple times, and fleeing his home, placement in the DOC is an appropriate option. *See J.B. v. State*, 849 N.E.2d 714, 718-19 (Ind. Ct. App. 2006) (holding that juvenile's placement in DOC was warranted after violating probation, committing new offenses, and failing to take advantage of prior opportunities for treatment).

[12]     Furthermore, the juvenile court has already given K.H. numerous chances for reform and could have ordered placement in the DOC at an earlier time; nevertheless, the juvenile court here showed leniency and exhausted all options. Consistent with K.H.'s best interests and the safety of the surrounding community, it was not erroneous for the juvenile court to modify K.H.'s disposition by placing him in the DOC.

[13]     The judgment of the juvenile court is affirmed.


Bradford, C.J., and Pyle, J., concur.