## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2019, 10:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathan D. Meeks
Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronnie Fields,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 9, 2019

Court of Appeals Case No.
19A-CR-1260

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1811-F5-164

**Crone, Judge.**

# Case Summary

[1] Ronnie Fields appeals his convictions for level 5 felony operating a vehicle after forfeiture of license for life and class C misdemeanor refusal to identify self. He asserts that the trial court violated his Sixth Amendment right to counsel and abused its discretion when it denied his motion for continuance on the morning of trial so that he could obtain standby counsel. Finding no constitutional violation or abuse of discretion, we affirm.

# Facts and Procedural History

[2] On November 29, 2018, the State charged Fields with level 5 operating a vehicle after forfeiture of license for life and class C misdemeanor refusal to identify self. During the initial hearing held on December 8, 2018, the trial court read the charges and advised Fields of his right to counsel. Fields informed the trial court that he did not want a lawyer but instead wished to represent himself. The trial court inquired into Fields's reasoning for wanting to proceed pro se, and also questioned him about his education, his ability to read and write, and his prior legal experience. Fields told the trial court that he had represented himself twice before in jury trials and obtained not-guilty verdicts on both occasions. Thereafter, the following colloquy occurred:

> THE COURT: Okay. Alright. You do understand that you have the right to an attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if you want an attorney and can't afford

one, the Court will appoint one for you at no expense to you.

THE DEFENDANT:  Again, sir, um I don't want an attorney.

THE COURT:  Okay. These are the questions I'm required to ask you when you indicate that you want to represent yourself. Okay?

THE DEFENDANT: Okay.

THE COURT:  You understand that an attorney can advise you about the nature of the crimes you're charged with and any lesser included offenses?  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that an attorney can assist you with possible defenses and mitigating circumstances?

THE DEFENDANT:  Yes, sir.

THE COURT:  You understand an attorney, not having an attorney represent you is almost always unwise?

THE DEFENDANT:  Yes, sir.

THE COURT:  You understand that you'll be required to follow the same rules as an attorney, and the Court will offer no special help to you because it cannot.

THE DEFENDANT:  Yes, sir.

THE COURT:  You understand that the State is going to be represented by experienced lawyers to make the case against you?

THE DEFENDANT:  Yes, sir.

THE COURT:  You understand that an attorney can help you investigate and question witnesses before trial?

THE DENFENDANT:  Yes, sir.

THE COURT:  Get any favorable evidence to present in your defense?

THE DEFENDANT:  Yes, sir.

THE COURT:  Prepare and file useful pretrial motions?

THE DEFENDANT:  Yes.

THE COURT:  Resist unfavorable pretrial motions by the State?

THE DEFENDANT:  Yes.

THE COURT:  Explore and negotiate possible favorable plea agreements or sentencing agreements?

THE DEFENDANT:  Yeah.

….

THE COURT:  I do find that you are in a position where you're knowingly, intelligently and voluntarily waiving your right to an attorney.  So you'll represent yourself in this case.

THE DEFENDANT:  Yes, sir.

Tr. Vol. 2 at 6-7.

[3]   A few days after the initial hearing, Fields filed a pro se motion to dismiss and motion for certification of interlocutory appeal.  Both motions were ultimately

denied by the trial court, but at the conclusion of the January 7, 2019, hearing held on the motion to dismiss, the trial court inquired whether Fields wanted to continue representing himself. Fields responded, "Yes, sir." *Id*. at 15. Fields then appeared pro se at a final pretrial hearing held on March 7, 2019. During that hearing, in response to the trial court's inquiry, Field reconfirmed his desire to represent himself at the upcoming trial which was scheduled for April 8, 2019. After the pretrial hearing, Fields filed a repetitive pro se motion to dismiss which the trial court denied.

[4] The case proceeded to jury trial as scheduled on April 8, 2019. Prior to the start of the trial, the trial judge explained the jury selection process to both the prosecutor and Fields, and Fields responded, "Yes, sir" when asked if he understood the process. *Id*. at 23. However, just before the start of voir dire, Fields told the trial court that he wanted "stand-by counseling" because he had not had time to "go over all this paperwork," apparently referring to the jury questionnaires. *Id*. at 24. The trial court responded to Fields by telling him that "the time has pas[sed] for that" and "if you're requesting a continuance, that request is denied." *Id.* Fields then said, "Yeah, I would like to have an attorney." *Id*. The court explained, "You've had plenty of time to hire an attorney. I've asked you several times in court if you intended to represent yourself. I did at the initial hearing … I did that at the pretrial conference, and you said, 'yes, I intend to represent myself.'" *Id*. Fields did not disagree with the trial court but went on to complain about not having enough time since the last hearing to prepare. The trial court reminded Fields that he had had "plenty

of time" to file a motion for continuance during the month since the pretrial hearing, noted that Fields had filed a pro se repetitive motion to dismiss instead, and further noted that Fields had been in possession of the jury questionnaires for at least a week and could have asked for a continuance at any time. *Id*. Fields then inquired into why he could not just go and "get [standby counsel] today[.]" *Id*. at 27. The court denied his request, informing Fields "You're entitled to an attorney if you timely request one, and you didn't. No one is entitled to stand-by counsel. That's not a right." *Id*. Fields disagreed and reiterated, "I just asked for stand-by counsel." *Id.* The court denied his request, the jury was subsequently selected, and a trial was conducted. At the conclusion of trial, the jury found Fields guilty as charged. Following a sentencing hearing, the trial court imposed concurrent sentences of three years for the level 5 felony and sixty days for the class C misdemeanor. This appeal ensued.

## Discussion and Decision

[5] The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to counsel. *Jones v. State*, 783 N.E.2d 1132, 1138 (Ind. 2003). Implicit in the right to counsel is the right to self-representation. *Drake v. State*, 895 N.E.2d 389, 392 (Ind. Ct. App. 2008). Before a defendant waives his right to counsel and proceeds pro se, the trial court must determine that the defendant's waiver of counsel is knowing, voluntary, and intelligent. *Jones*, 783 N.E.2d at 1138. "When a defendant asserts the right to self-representation, the court should tell the defendant of the 'dangers and disadvantages of self-

representation.'" *Poynter v. State*, 749 N.E.2d 1122, 1126 (Ind. 2001) (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)). "Although a trial court need not follow specific 'talking points' when advising a defendant of the dangers and disadvantages of proceeding without counsel, a trial court must come to a 'considered determination' that the defendant is making a knowing, voluntary, and intelligent waiver of his right to counsel." *Wilson v. State*, 94 N.E.3d 312, 320-21 (Ind. Ct. App. 2018) (citation omitted).

[6] Fields does not dispute that he knowingly, voluntarily, and intelligently waived his right to counsel and instead asserted, on multiple occasions, his right to self-representation. Indeed, it is clear from the record that the trial court made certain that Fields was well aware of his right to counsel and the many disadvantages of self-representation. It is also clear from the record that, on the morning of trial, Fields was not abandoning his right to self-representation but was requesting a continuance for the purpose of obtaining standby counsel to assist him.[1] Accordingly, the sole issue we are presented with on appeal is

---

[1] Although on appeal Fields attempts to characterize his request to the trial court as an assertion of his right to counsel, it is clear from our review of the record that Fields was not attempting to cede control of his defense but was requesting only standby counsel. Standby counsel is not the same as, and does not confer the advantages of, full counsel because, even with standby counsel, a pro se defendant retains control over his case. *See Hill v. State*, 773 N.E.2d 336, 343 (Ind. Ct. App. 2002) (noting that a pro se defendant's right to control his case is eroded when standby counsel interferes with his right to present his case in his own way).

whether the trial court abused its discretion in declining to grant a continuance in order to appoint standby counsel.[2]

[7] It is well established that appointment of standby counsel is an appropriate prophylactic device when a defendant assumes the burden of conducting his own defense. *Wilson v. State*, 94 N.E.3d 312, 324 (Ind. Ct. App. 2018) (citing *Jackson v. State*, 441 N.E.2d 29, 33 (Ind. Ct. App. 1982)). However, a defendant who proceeds pro se has no right to demand the appointment of standby counsel for his assistance. *Kindred v. State*, 521 N.E.2d 320, 323 (Ind. 1988). Rather, the decision of whether to appoint standby counsel is a discretionary one made by the trial court. *Id.* Moreover, we review the denial of a motion for continuance only for an abuse of discretion. *Perry v. State*, 638 N.E.2d 1236, 1231 (Ind. 1994).

[8] Here, Fields waited until the morning of trial, just before voir dire questioning, to request the appointment of standby counsel to assist him. The trial court found his request to be untimely in that Fields had numerous opportunities to request a continuance or to seek the appointment of standby counsel prior to the start of trial but failed to do so. The trial court also noted that prospective jurors had already gathered, such that granting a continuance for the purpose of

---

[2] In *Koehler v. State*, 499 N.E.2d 196 (Ind. 1986), our supreme court held that where a defendant, with standby counsel already at his side, seeks to abandon a pro se defense and reassert the right to counsel, "[r]elevant factors must be considered by the trial court in order for it to exercise a meaningful discretion in ruling on defendant's request to change from self-representation to counsel-representation." *Id.* at 199. Because the record demonstrates that Fields was not attempting to abandon his pro se defense and change from self-representation to counsel-representation, the *Koehler* factors are inapplicable here.

obtaining standby counsel would have interrupted the proceedings and caused excessive delay. As stated above, a pro se defendant has no right, constitutional or otherwise, to demand standby counsel. Under the circumstances presented, we cannot say that the trial court abused its discretion in denying Fields's request for a continuance for the purpose of obtaining and appointing standby counsel. We affirm his convictions.

[9]   Affirmed.

Baker, J., and Kirsch, J., concur.